```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

WENDY BENS,
       Petitioner,

   v.                             CIVIL ACTION NO. 12-12036-DPW

JEFFREY GRONDOLSKY,
Warden of Federal Medical Center-Devens,
       Respondent.

```
          MEMORANDUM AND ORDER FOR DISMISSAL
                   December 7, 2012
```

WOODLOCK, D.J.

I.    INTRODUCTION

    A.    <u>Petitioner's First Section 2241 Habeas Petition in this District: Bens v. Grondolsky, Civil Action No. 12-11553-GAO</u>

On August 27, 2012, petitioner Wendy Bens ("Bens"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus under 28 U.S.C. § 2241("§ 2241"), with an incorporated Memorandum of Law in support (Docket No. 1). In that petition, Bens challenged his criminal conviction and sentence on the ground that the trial judge in the District of Maryland (Baltimore) lacked subject matter jurisdiction over his criminal prosecution because of violations of the Speedy Trial Act and the Sixth Amendment.

On September 6, 2012, Judge O'Toole issued a Memorandum and Order (Docket No. 6) denying habeas relief and dismissing the habeas petition on the ground that Bens could not bring a § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255 ("§ 2255") because his claims constituted purely legal challenges

that were not within the purview of the savings clause. Bens was advised that if he sought to assert challenges to his criminal conviction, he must first obtain permission to bring a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").

Thereafter, on September 20, 2012, Bens filed a Notice of Appeal to the United States Court of Appeals for the First Circuit. The appeal is pending. *See Bens v. Grondolsky*, No. 12-2222 (1st Cir. 2012).

B.  Petitioner's Criminal Litigation History

The background of Bens's criminal case and subsequent proceedings has been summarized by other courts. *See, e.g., Bens v. United States*, 2007 WL 3094895 (D. Md. 2007); *United States v. Bens*, No. 05-4736 (4th Cir. June 15, 2006). Judge O'Toole recently set forth the relevant background in his Memorandum and Order. For purposes of this action, I will recount the relevant background previously set forth by Judge O'Toole, as follows.

Bens was a Coast Guard petty officer stationed in Boston, Massachusetts. His duties included preventing drugs from entering the United States from the Caribbean. He was, however, involved in trafficking narcotics from the Caribbean to the United States. On January 31, 2004, Bens and a fellow Coast Guard officer traveled from Boston to Baltimore, Maryland to retrieve a suitcase thought to contain cocaine. In fact, the contents of the suitcase had been replaced by law enforcement

2

with fake cocaine.  Bens was later arrested and detained.

On February 10, 2004, Bens was indicted (pursuant to a Superseding Indictment) in the District of Maryland (Baltimore) on a number of federal drug charges.  These included: conspiring to import 2.4 kilograms of cocaine; importing cocaine; possession with intent to distribute a controlled substance; conspiring to possess with intent to distribute a controlled substance; and possession of a firearm in furtherance of drug trafficking.  *See United States v. Bens*, Criminal No. 1:04-00040-WDQ-2.

On July 9, 2004, a Second Superseding Indictment was returned.  On August 13, 2004, Bens was arraigned.  Thereafter, a number of pretrial motions were filed, including motions to suppress.  On October 18, 2004, a jury trial commenced, and on October 26, 2004, Bens was convicted by a jury on all counts.  On July 8, 2005, Bens was sentenced to a concurrent 151 month term of imprisonment on Counts I, II, III, and IV, and a consecutive 60 month term on Count V.

   1.   The Direct Appeal

On July 5, 2005, Bens filed an appeal to the Fourth Circuit. Among other arguments, Bens asserted that the trial judge improperly submitted to the jury a verdict form requesting special findings of fact designed to serve as the basis for various sentencing enhancements; that there was insufficient evidence to support the jury's conclusion that he possessed a firearm in furtherance of a drug trafficking crime; and that the

3

district court abused its discretion in refusing to declare a mistrial on the ground that the government's contact with his fiancé impeded his ability to call her as a witness. The Fourth Circuit rejected all of Bens's grounds and affirmed the conviction and sentence on June 15, 2006. *United States v. Bens*, No. 05-4736 (4th Cir. June 15, 2006)(*per curiam*). Mandate issued on July 10, 2006.

Thereafter, on October 16, 2006, the United States Supreme Court denied Bens's petition for writ of certiorari. *Bens v. United States*, 127 S. Ct. 458 (2006).

    2.   Post-Conviction Challenges

        A.   The First Section 2255 Motion to Vacate

On April 12, 2007, Bens filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He asserted six grounds for relief: (1) his trial attorney was ineffective for failing to object to the Court's instructions on Count I; (2) the Court constructively amended the Indictment's charge in Count III; (3) the Court's admission of a witness's hearsay statements violated his Sixth Amendment right to confront his accuser; (4) there was insufficient evidence that he violated 18 U.S.C. § 924(c);(5) his counsel was ineffective for failing to raise *Bailey v. United States*, 516 U.S. 137 (1995) on direct appeal; and (6) the cumulative effect of these various trial errors prejudiced him.

On October 19, 2007, the trial judge denied the § 2255

motion. *Bens v. United States*, 2007 WL 3094895 (D. Md. 2007). Bens filed a Notice of Appeal of that denial on October 31, 2007. On April 2, 2008, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Bens v. United States*, 271 Fed. Appx. 307 (4th Cir. 2008). Mandate issued June 25, 2008. On October 14, 2008, the United States Supreme Court denied Bens's petition for writ of certiorari. *Bens v. United States*, 555 U.S. 857 (2008).

        B.   <u>The Second Section 2255 Motion to Vacate</u>

On October 21, 2010, Bens filed a second § 2255 motion challenging his sentence on the grounds that his attorney was ineffective and the enhancements to his sentence were unconstitutional. *United States v. Bens,* Criminal No. 1:04-00040-WDQ-2 (Docket No. 127); *Bens v. United States*, 1:10-cv-03003-WDQ. On November 2, 2010, the trial judge denied the motion as a successive § 2255 motion. Thereafter, Bens filed a Motion for Reconsideration, arguing that the court erred in construing his motion as one to vacate because it was actually a challenge to the court's subject matter jurisdiction, which could be raised at any time and was not subject to dismissal as successive. Bens also argued that the Court misconstrued his motion as presenting a claim for ineffective assistance of counsel and also misstated the basis of his conviction.

On December 10, 2010, the trial court issued an Order

granting the motion in part and denying the motion in part.  The court found that the substance of Bens's "motion for dismissal of indictment" challenged the validity of his underlying conviction and therefore was construed properly as a successive § 2255 motion.  Thus, the prior ruling in this regard remained in effect; however, the court concluded that it had incorrectly stated the drug charges against Bens, and therefore corrected the record.  Additionally, the record was corrected to reflect the court's statement that Bens did not raise an ineffective assistance of counsel claim.

On August 1, 2011, Bens filed a Notice of Appeal of the Order on reconsideration.  The Fourth Circuit dismissed the appeal on December 23, 2011.  *United States v. Bens*, 460 Fed. Appx. 215 (4th Cir. 2011).

### C.   The First Section 2241 Habeas Petition

On November 13, 2009, Bens filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Bens v. United States*, 1:09-cv-03050-WDQ.  The trial court dismissed the petition finding that it failed to state a cognizable federal habeas corpus claim.  The court found that Bens purported to bring the action under Rule 17 of the Federal Rules of Civil Procedure, and attached standard Internal Revenue Forms for surety, bonds, and fiduciaries.  The court found that the petition presented incomprehensible statements that seemingly had no relationship to his confinement.

6

On October 26, 2010, the Fourth Circuit dismissed Bens's appeal.  *Bens v. United States*, 399 Fed. Appx. 794 (4th Cir. 2010).  Thereafter, Bens filed his first habeas petition in this Court.  After the dismissal by Judge O'Toole, he filed the instant action.

    C.    <u>The Instant Section 2241 Habeas Petition</u>

On October 31, 2012, Bens filed another § 2241 habeas petition (with an incorporated Memorandum of Law in support) and paid the $5.00 filing fee.  In this action, he raises a different due process ground for habeas relief than he did in the earlier habeas petition in this District.  Specifically, he challenges his sentence.  He claims that he noticed recently that the probation officer made an error in his Presentence Report ("PSR") regarding the drug quantity attributable to him.  He contends that the PSR erred in outlining prior relevant conduct where this was his first violation of law.  He contends that the probation officer cannot augment (*i.e.*, constructively amend) the Indictment; he argues that he was charged with conspiracy to import <u>2.4.</u> kilos of cocaine; however, the PSR reflects the amount to be <u>3.5</u> kilos.[1]  This increase in the drug quantity resulted in additional points added to his criminal history score.  He also received a four-level enhancement for his

---

[1]The PSR reflects that, based on proof of conduct not charged in the indictment, Bens previously had imported or conspired to import cocaine, and thus the total amount exceeded 3.5 kilos.  PSR excerpt, Exhibit A (Docket No. 1-1 at 1, ¶ 5).

leadership role in the offense.  He argues that the fact finding regarding the drug quantity must be proven to the jury beyond a reasonable doubt, and there was no evidence to support the increase in drug quantity.  Bens relies on *Blakely v. Washington*, 542 U.S. 296 (2004)(an enhanced sentence based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)(any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt) to support habeas relief.  Further, he argues that the misinformation rendered the sentencing invalid and violative of his due process rights.

In addition, Bens argues that the failure of his defense counsel to recognize and explain the legal consequences of the alleged erroneous drug quantity amounted to ineffective assistance of counsel.  He contends that it would be a gross miscarriage of justice not to grant him habeas relief.

II.  DISCUSSION

    A.   <u>Screening of the Petition</u>

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Section

2254 proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991)(upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) *citing Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).

B.  <u>Bens May Not Bring a Section 2241 Petition Challenging His Sentence</u>

As with Bens's earlier § 2241 habeas petition in this Court, the instant habeas petition fares no better.  As Judge O'Toole noted in his earlier Memorandum and Order, a prisoner seeking to collaterally attack his conviction and/or sentence must assert his claim primarily through a motion to vacate, set aside, or correct sentence pursuant to § 2255 before the sentencing court rather than through a § 2241 habeas petition in the district in which he is incarcerated.  *United States v. Barrett,* 178 F.3d 34, 50 n.10 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *see Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999) *cert. denied*, 528 U.S. 1126 (2000)(motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."); *Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).

In this case, § 2255 relief is not available to Bens in light of his prior unsuccessful attempts at such relief.  Once again, he seeks to assert habeas claims under the aegis of the savings clause of § 2255, on the ground that § 2255 is an inadequate or ineffective means to test the validity of his sentence and resulting detention.[2]

---

[2]The savings clause states, in relevant part:

A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements.  *See Barrett*, 178 F.3d 50.[3]  Moreover, the savings clause does not apply merely because § 2255 relief has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because the one year period of limitations has expired.  *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).  In other words, "[t]he remedy in section 2255 does not become 'inadequate or ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions."  *Hernandez-Albino v. Haynes*, 368 Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010) (unpublished decision).

---

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

[3]*See also Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)(savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." *Id.; see Barrett*, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").[4] Further, it is well settled that a petitioner like Bens, who has exhausted his § 2255 avenues, cannot use the "savings clause" to circumvent the restrictions of § 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, or the time restrictions on filing) by filing a petition under § 2241 instead. *See Barrett*, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless); *Nascimento v. United States*, 2012 WL 1004316, *3 (D. Mass. Mar. 22, 2012) (a

---

[4]*See Glacken v. Dickhaut*, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting *Burks v. Dubois*, 55 F.3d 712 (1st Cir.1995)).

prisoner "may not circumvent statutory restrictions by filing a habeas petition under § 2241 instead of § 2255"); *Cannon v. United States*, 2007 WL 1437704, at *3 (D. R.I. 2007).

Here, Bens's attempt to obtain § 2241 relief that he could not otherwise obtain under § 2255 is futile. Under the facts and circumstances underlying this case, I do not find that he has made a claim of actual (factual) innocence, or put forth any exceptional circumstances demonstrating that there would be a complete miscarriage of justice should § 2241 habeas relief not be granted. Although Bens uses the language "actual innocence" in the body of his petition (Docket No. 1 at 5), this reference is in the context of a general discussion of the law, but does not apply specifically to the facts of Bens's case or his arguments in support of habeas relief. His claim is not that he did not conspire to import cocaine, but that his sentencing after conviction was invalid because it was based on allegedly erroneous PSR information regarding drug quantity.

Moreover, Bens's claim of ineffective assistance of counsel in not recognizing the errors in the PSR presents purely legal challenges to Bens's sentence. These are not the type of challenges that can overcome the narrow exception of the savings clause, which, in any event, could have been raised in earlier § 2255 proceedings. He has presented no new discernible factual circumstances, no new credible evidence, nor has he put forth any

binding or persuasive legal authority from which I reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention.[5]

Next, Bens's reliance on *Blakely* and *Apprendi* do not provide a means to invoke the savings clause of § 2255. *See, e.g., Gresham v. Haynes*, 476 Fed. Appx. 846, 847-48 (11th Cir. 2012)(rejecting § 2241 petition purporting to invoke the savings clause on the assertion that petitioner's sentence was based on an improper post-trial drug quantity calculation; *Blakely* and *Apprendi* have not been made retroactive on collateral review and thus did not provide a basis for invocation of the savings clause); *Russell v. Reese*, 168 Fed. Appx. 634, 634 (5th Cir. 2006)("Because [petitioner's] petition challenges errors that occurred at sentencing, the claim may not be brought in a § 2241 petition. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th

---

[5] Although the First Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope.  It may only be invoked on rare occasions and under the most exceptional circumstances.  <u>See</u> <u>Barrett</u>, 178 F.3d at 38 ; *see also Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999);  *In re Dorsainvil*, 119 F.3d at 251;  *Jaramillo v. Winn*, 2002 WL 1424579 (D. Mass. 2002). *See generally Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000) (the savings clause has most often been used where a Supreme Court decision has overruled the circuit courts as to the meaning of a statute, and the prisoner asserts he is not guilty within the new meaning of the statute); *Goldman v. Winn*, 565 F. Supp. 2d 200, 212 (D. Mass. 2008) (§ 2241 habeas relief is available for a federal prisoner asserting a claim on actual factual innocence, not mere legal insufficiency).

Cir.2005)(rejecting § 2241 petition that alleged an unconstitutional sentence in light of *Apprendi* and *Blakely* because it was based on drug quantities not determined by the jury, stating "[petitioner's] argument that he is entitled to proceed under § 2241 based on the savings clause of § 2255 because relief under that section is 'inadequate or ineffective' is unavailing."); *Francis v. Mukasey*, 2009 WL 1151996, *4 (N.D.W.Va. 2009)(same; subsequent history omitted).

Finally, Bens's assertion that he only recently noticed an error in the PSR is not sufficient to invoke the savings clause. The trigger date is not when Bens actually discovered the alleged errors in the PSR, but on the date when he reasonably could have had an opportunity to discover the alleged errors. Given his numerous prior challenges to his conviction and sentence, I find that this is a matter that could or should have been discovered sooner. In any event, I do not find that Bens's assertion is sufficient to invoke the savings clause of § 2255.

In sum, Bens's habeas claims are, in legal effect, § 2255 claims masquerading in the guise of a § 2241 petition. *See Boyd v. United States*, 2009 WL 559930 (D.R.I. 2009)("[W]hen construing a motion for postconviction relief...'courts must be guided by the precept that substance trumps form...'"). As such, I lack subject matter jurisdiction to entertain Bens's habeas petition. *See Owens v. Jett*, 2011 WL 4860171, *3 (D. Minn. 2011)(court

lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).

Accordingly, for all of the reasons set forth herein, Bens's § 2241 habeas petition will be <u>DENIED</u> and this action shall be <u>DISMISSED</u>.[6]

III. CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is <u>DENIED</u>; and

2. This action is <u>DISMISSED</u> it its entirety.

SO ORDERED.

<u>/s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[6]This Court has considered whether this habeas petition should be dismissed or transferred to the Fourth Circuit as a request for authorization to file a second petition under section 2255.  *See* 28 U.S.C. § 1631.  Under the circumstances presented here, dismissal, rather than transfer, is warranted.